IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRA JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-3268-BN |
| | § | |
| WAG HOTELS, INC., | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Terra Johnson filed a *pro se* lawsuit in a Dallas County, Texas state court against Defendant Wag Hotels, Inc., alleging discrimination and harassment based on the lack of a suitable lactation location for her "to express milk, 'a place other than the bathroom that is shielded from view and free from intrusion from coworkers and the public.'" Dkt. No. 1-3 at 7-12.

In substance, Johnson alleges that, "on or around May 30, 2024," she was made aware that the only two locations that she could use as a lactation room were "the attic or the room where [a] hotel guest [would] relieve themselves"; that, on May 30, "defendants walked in on plaintiff expressing milk"; and, so, Wag "failed to maintain a hazard free environment despite [its] claiming 'general custodial services are provided by the company.'" *Id.* at 8.

Defendant Wag Acquisition Group, LLC, incorrectly identified as Wag Hotels, Inc., removed Johnson's lawsuit alleging that there is both federal question and diversity subject-matter jurisdiction. *See* Dkt. No. 1.

Wag then moved to dismiss Johnson's claims under Federal Rule of Civil

Procedure 12(b)(6). *See* Dkt. No. 9. And Johnson's deadline to respond to the motion was extended to March 3, 2025, to allow the parties to conduct their planning conference under Federal Rule of Civil Procedure 26(f). *See* Dkt. Nos. 10 & 11.

After the parties consented in writing through their Rule 26(f) report, *see* Dkt. No. 12 at 3, Senior United States District Judge Sidney A. Fitzwater ordered this lawsuit transferred to the undersigned United States magistrate judge for all further purposes under 28 U.S.C. § 636(c), *see* Dkt. No. 13.

Now, more than four weeks after Johnson's extended deadline to respond to the motion to dismiss, because Johnson has not done so, and because the Court finds that Wag has shown that there is subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1331, the Court has considered the motion to dismiss.

And, for the reasons and to the extent set out below, the Court GRANTS the motion but will also GRANT Johnson leave to file, no later than **April 23, 2025**, an amended complaint that alleges a plausible cause of action. If she does not, the Court will enter a final judgment dismissing this action with prejudice without further notice.

## Discussion

### I.    Through its notice of removal, Wag has shown that there is subject matter jurisdiction based on the existence of a federal question in the state court petition.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, so they generally may only hear

a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

Because Wag chose to remove Johnson's lawsuit to federal court, it undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

Starting with Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Wag, a limited liability company, satisfactorily alleges its citizenship, *see* Dkt. No. 1, ¶¶ 9 & 10; *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023), and the requisite amount in controversy, *see* Dkt. No. 1, ¶ 11; Dkt. No. 1-3 (petition requesting "monetary relief over $250,000"); *Greenberg*, 134 F.3d at 1253 ("[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." (cleaned up)).

But, as to Johnson's citizenship, Wag merely alleges that she "is an individual who resides in Dallas, Texas," and, so, "[f]or jurisdictional purposes, she is a citizen of the State of Texas." Dkt. No. 1, ¶ 8.

"For natural persons, § 1332 citizenship is determined by domicile, which

requires residency plus an intent to make the place of residency one's permanent home." *SXSW*, 83 F.4th at 407. And,

> [i]n *Coury v. Prot*, the [United States Court of Appeals for the] Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id*. (citations omitted).

*Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024).

So "[a]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id*. (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)); *accord J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam).

But, because Wag has alleged a basis for subject matter jurisdiction under Section 1331, Wag need not amend its notice of removal to address the *Coury* factors. *See generally A & C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) ("A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). Thereafter, a defendant may amend only to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice." (citations omitted)).

Federal question subject-matter jurisdiction typically "exists when 'a well-

pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

And "it is well settled that, where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980) (cleaned up; collecting cases); *cf. Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) ("Having informed [a defendant] of the factual basis for their complaint, [a plaintiff is] required to do no more to stave off threshold dismissal for want of an adequate statement of their claim," so a plaintiff need not "set out a legal theory for the plaintiff's claim for relief." (cleaned up)).

And, so, "when a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision." *Copeland v. E\*Trade Cap. Mgmt., L.L.C.*, No. 24-10658, 2025 WL 66732, at \*2 (5th Cir. Jan. 10, 2025) (per curiam)

(cleaned up; quoting *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977))).

Through its notice of removal, Wag explains that, while Johnson cites no federal law in the complaint, the factual basis for her claim of discrimination directly implicates at least one federal statute, the Providing Urgent Maternal Protections for Nursing Mothers Act ("PUMP Act"), 28 U.S.C. § 218d – which Johnson quotes from in the complaint, *compare, e.g.*, Dkt. No. 1-3 at 9 (alleging that she was denied "a place other than the bathroom that is shielded from view and free from intrusion from coworkers and the public"), *with* 28 U.S.C. § 218d(a)(2) ("In general[, a]n employer shall provide" "(1) a reasonable break time for an employee to express breast milk for such employee's nursing child for 1 year after the child's birth each time such employee has need to express the milk; and (2) a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.").

And, so, Wag has shown that "the facts alleged in the complaint" reflect jurisdiction based on a federal question. *Hildebrand*, 622 F.2d at 181.

## II.    Johnson fails to allege a plausible cause of action against Wag. But the Court will allow her an opportunity to amend.

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must

plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson*, 574 U.S. at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (explaining that, while "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient" (cleaned up)).

Liberally construing Johnson's allegations in whole, she asserts against her employer claims of discrimination and/or failure to accommodate based on her status as a nursing mother. So, to the extent that – particularly as a *pro se* plaintiff – Johnson was not required to "set out a legal theory for [each] claim for relief" but rather just to "inform[ Wag] of the factual basis for [her] complaint," *Johnson*, 574 U.S. at 12 (cleaned up), Johnson's complaint potentially implicates several federal laws in addition to the PUMP Act, including Title VII of the Civil Right Act of 1964, the Americans with Disabilities Act (the "ADA"), and the Pregnant Workers Fairness

Act (the "PWFA"). And the Court will address each below.

Applying Rule 12(b)(6)'s framework to "an employment discrimination case, the complaint need not 'contain specific facts establishing a prima facie case of discrimination under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).'" *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)).

"But a plaintiff is still required to plead sufficient facts *on all of the ultimate elements* of [each] claim." *Id.* (cleaned up; emphasis in original).

And, at this stage, "a plaintiff must plead two 'ultimate elements' in order 'to support a disparate treatment claim ... : (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* [a] protected status.'" *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); emphasis in *Cicalese*).

That is,

[a] complaint need not allege each prong of the prima facie test for disparate treatment ... ; to support a disparate treatment ... , though, it must plausibly set out facts that the defendant took the adverse employment action against a plaintiff *because of* [a] protected status. [Accordingly, a] plaintiff must allege facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [not of the plaintiff's protected status] more favorably.

*Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (cleaned up; emphasis in original).

And, to the extent that the complaint implicates a disparate treatment claim based on the denial of an accommodation, the ultimate elements of such a claim under

-9-

Title VII in this context are that Johnson "belongs to the protected class, that she sought accommodation, that the employer did not accommodate her, and that the employer did accommodate others 'similar in their ability or inability to work.'" *Luke v. CPlace Forest Park SNF, L.L.C.*, 747 F. App'x 978, 979 (5th Cir. 2019) (per curiam) (quoting *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 229 (2015) (citing 42 U.S.C. § 2000e(k))). Likewise, the ADA

> requires employers to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). To prevail on a failure-to-accommodate claim, a plaintiff "must show that (1) [he] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations."

*Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 485 (5th Cir. 2023) (citation omitted).

As amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e-(k), "discriminating against a woman who is lactating or expressing breast milk violates Title VII," *E.E.O.C. v. Hous. Funding II, Ltd.*, 717 F.3d 425, 430 (5th Cir. 2013); *accord Allen-Brown v. D.C.*, 174 F. Supp. 3d 463, 478-80 (D.D.C. 2016); *see Carmona v. Dejoy*, No. 22-20064, 2022 WL 16836978, at *1 (5th Cir. Nov. 9, 2022) (per curiam) (explaining that the PDA "amended Title VII's definition of the term 'because of sex' to include 'because of or on the basis of pregnancy, childbirth, or related medical conditions'" and "requires that 'women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes ... as other persons not so affected but similar in their ability or inability to work'" (quoting Section 2000e-(k))).

-10-

But, other than alleging an unsuitable lactation location, Johnson offers no facts from which the Court may be infer that she requested an accommodation from Wag based on the effects of pregnancy or that Wag took an adverse action against her because of the effects of pregnancy – both ultimate elements of a disparate treatment or a failure-to-accommodate claim under either Title VII or the ADA.

And that Johnson's claims are centered on the suitability of the lactation location itself is alone not enough to allege a plausible claim under either Title VII or the ADA. *See, e.g.*, *McCowan v. City of Phila.*, Civ. A. No. 19-3326-KSM, 2022 WL 758991, at \*23 (E.D. Pa. Mar. 10, 2022) ("Although the rooms provided were not Allen's preferred method of accommodation, federal courts have consistently held that Title VII and the PDA do not require special accommodations for breastfeeding mothers. *See Hicks v. City of Tuscaloosa*, 870 F.3d 1253, 1260 (11th Cir. 2017) ('The line between discrimination and accommodation is a fine one. Taking adverse actions based on woman's breastfeeding is prohibited by the PDA but employers are not required to give special accommodations to breastfeeding mothers.'); *Hous. Funding II, Ltd.*, 717 F.3d at 429 n.6 ('The issue here is not whether Venters was entitled to special accommodations – at the time, she was not entitled to special accommodations under Title VII – but, rather, whether Houston Funding took an adverse employment action against her, namely discharging her, because she was lactating and expressing breast milk.'); *Lawson v. City of Pleasant Grove*, No. 2:14-cv-0536-JEO, 2016 WL 2338560, at \*10 (N.D. Ala. Feb. 16, 2016) ('But again, and more to the point, even if a light duty job could have been created or similarly made "available" in some sense,

pregnant employees are not entitled to special accommodations generally speaking, so the City would be liable under the PDA for denying Lawson's request for light duty only if the City would have granted such an accommodation to a similarly situated non-pregnant employee.').'" (cleaned up)); *see also Kim v. HCA Healthcare, Inc.*, No. 3:20-cv-154-S, 2021 WL 5281599, at *4 n.4 (N.D. Tex. Nov. 12, 2021) ("Even the Fifth Circuit's holding in *E.E.O.C. v. Houston Funding II, Ltd.* addressing breastfeeding in the related context of workplace discrimination does not impose a requirement that special accommodations be made for breastfeeding women." (citing *Hous. Funding II, Ltd.*, 717 F.3d at 430 (Jones, J., concurring))); *cf. Alexander v. Two Oaks Invs., LLC*, No. 23-cv-00406-SH, 2024 WL 3747166, at *7 (N.D. Okla. Aug. 9, 2024) ("[P]regnancy alone is not a disability under the ADA. Instead, the EEOC would look to whether there was a pregnancy-related impairment that substantially limits a major life activity." (cleaned up)); *Weaver v. GAT Airline Ground Support, Inc.*, Civ. A. No. 23-869, 2024 WL 757030, at *8 (W.D. Pa. Feb. 20, 2024) ("Plaintiff provides, and the Court has found, no cases holding that either a nursing mother's need to express milk or, relatedly, a clogged duct constitutes a 'disability' within the scope of the ADA." (footnote omitted)).

The Court next turns to the PWFA, which "Congress intended … to expand protections for pregnant employees and modeled [ ] largely off the [ADA]." *Keiper v. CNN Am., Inc.*, No. 24-CV-875, 2024 WL 5119353, at *2 (E.D. Wis. Dec. 16, 2024) (citations omitted).

And, as Wag persuasively explains in its motion to dismiss, *see* Dkt. No. 9 at

11-16, the pleading infirmities that afflict any claims that Johnson may now make under the ADA equally afflict any claims that Johnson may now advance under the PWFA, *see also, e.g.*, *Keiper*, 2024 WL 5119353, at *3 ("Employers only face liability under the PWFA for failure to accommodate their employee's known limitations. 42 U.S.C. § 2000gg-1(1). '[T]he term "known limitation" means physical or mental condition related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions that the employee or employee's representative has communicated to the employer whether or not such condition meets the definition of disability specified in ... the [ADA][.]' 42 U.S.C. § 2000gg(4). 'Communicated to the employer' includes 'ma[king] the employer aware of the limitation by communicating with a supervisor, a manager, someone who has supervisory authority for the employee or who regularly directs the employee's tasks ....' 29 C.F.R. § 1636.3(d).").

The Court finally addresses Johnson's alleged facts as claimed violations of the PUMP Act.

> Under subsection (a)(2) of the Act, an employer shall provide –
>> a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.
>
> 29 U.S.C. § 218d(a)(2).
>
> An employer who violates the PUMP Act "shall be liable for such legal or equitable relief as may be appropriate to effectuate" its purposes, including "employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." *Id.* § 216(b). The statute further allows an employee to file a private right of action in a court of competent jurisdiction. *Id.*
>
> The Act, however, also imposes a partial precondition to filing suit. *See id.* § 218d(g) ("Notification prior to commencement of action").
>> Except as provided in paragraph (2), before commencing an action ... for a violation of subsection (a)(2), an employee shall –

> (A) notify the employer ... of the failure to provide the place
> described in such subsection; and
> (B) provide the employer with 10 days after such
> notification to come into compliance with such subsection
> with respect to the employee.

*Id.* § 218d(g)(1).

> This precondition is not absolute. As the statute makes clear, the
> notification requirement does not apply in cases in which –
>> (A) the employee has been discharged because the
>> employee –
>>> (i) has made a request for the break time or place
>>> described in subsection (a); or
>>> (ii) has opposed any employer conduct related to this
>>> section; or
>> (B) the employer has indicated that the employer has no
>> intention of providing the place described in subsection
>> (a)(2).

*Id.* § 218d(g)(2).

*Forbes v. BG3 Capital Grp., LLC*, No. 23-cv-00418-SH, 2024 WL 3730261, at *2 (N.D. Okla. Aug. 8, 2024).

And the Court agrees with the court in *Forbes* that, if the facts alleged support its applicability, pre-suit notification is a condition precedent to bringing a claim under the PUMP Act. *See id.* at *2-*3; *cf. Mazurkiewicz v. Clayton Homes*, 971 F. Supp. 2d 682, 689 (S.D. Tex. 2013) ("[F]iling an EEOC charge and receiving a right-to-sue letter are unquestionably conditions precedent for suit in federal court." (cleaned up)).

And the failure to satisfy a condition precedent may provide grounds to dismiss a claim under Rule 12(b)(6) – without prejudice where curable. *See, e.g., Allder v. Roadclipper Enters. Inc.*, 5:23-CV-13-RWS-JBB, 2023 WL 6780183, at *4 (E.D. Tex. July 18, 2023) (citing *Truvillion v. King's Daughters Hosp.*, 614 F.2d 520, 525 (5th Cir. 1980)), *rec. adopted*, 2023 WL 6260003 (E.D. Tex. Sept. 26, 2023); *accord*

*Hincapie v. Tex. Tech. Univ.*, No. 5:23-cv-299-H, 2024 WL 4607719 (N.D. Tex. Oct. 29, 2024).

The court in *Forbes* grappled with whether the plaintiff had pleaded the condition precedent requirement, finding that, even after *Iqbal* and *Twombly*, "conditions precedent may still be pled generally" under Federal Rule of Civil Procedure 9(c). *Forbes*, 2024 WL 3730261, at *5; *see id.* at *6 ("Viewed in this light and looking only at the facts alleged by Plaintiff, the Court finds Forbes has alleged that R Bar indicated it had no intention of providing a space that complied with § 218d(a)(2). Plaintiff has therefore adequately alleged – to the extent it is required – that she is not subject to the condition precedent found in § 218d(g)(1)." (cleaned up)).

But the Court need not determine what standard applies to plausibly pleading a condition precedent here where Johnson has – so far – alleged no facts from the which the Court can make a finding that (1) she provided the notification required by Section 218d(g)(1) or (2) that, pursuant to Section 218d(g)(2), that notification requirement does not apply in this case.

Instead, as Wag frames it, Johnson "simply alleges that when she made her need known to Wag on May 30, 2024, she learned that Wag did not already have a space designated for that purpose. To address her apparently immediate need, Wag suggested two temporary options that, in her view, were not 'suitable' under the PUMP Act." Dkt. No. 9 at 10. And, "[r]egardless of whether the temporary options were suitable or not, [the] fact that Johnson chose to limit her complaint to this brief exchange is necessarily fatal to her claim. Even taking Johnson's allegations as –

-15-

which the Court must – the lack of additional context forecloses relief under the PUMP Act." *Id.*

For these reasons, Wag's motion should be granted.

But the Court will allow Johnson an opportunity to address the pleading deficiencies set out in the motion and above by filing no later than **April 23, 2025** an amended complaint that alleges a plausible cause of action.

If she does not, the Court will, without further notice, enter a final judgment dismissing this action with prejudice.

## Conclusion

The Court GRANTS Defendant Wag Hotels, Inc.'s motion to dismiss Plaintiff Terra Johnson's complaint under Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 9]; DISMISSES Johnson's claims without prejudice to her filing an amended complaint alleging a plausible cause of action by **April 23, 2025**; and CAUTIONS Johnson, if she does not do so, the Court will enter a final judgment dismissing this action with prejudice without further notice.

SO ORDERED.

DATED: April 2, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE