IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRA JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-3268-BN |
| | § | |
| WAG HOTELS, INC., | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

*Pro se* plaintiff Terra Johnson filed this lawsuit in a Dallas County, Texas state court against Defendant Wag Acquisition Group, LLC (identified by Johnson as Wag Hotels, Inc.) ("Wag") alleging discrimination and harassment based on the lack of a suitable lactation location for her "to express milk, 'a place other than the bathroom that is shielded from view and free from intrusion from coworkers and the public.'" Dkt. No. 1-3 at 7-12.

After the parties consented in writing, *see* Dkt. No. 12 at 3, the lawsuit was ordered transferred to the undersigned United States magistrate judge for all further purposes under 28 U.S.C. § 636(c), *see* Dkt. No. 13.

The Court then entered a memorandum opinion and order that first found that, through its notice of removal, Wag demonstrated that there was subject matter jurisdiction at the time of removal based on the existence of a federal question in the state court petition. *See Johnson v. Wag Hotels, Inc.*, No. 3:24-cv-3268-BN, 2025 WL 992573, at *1-*3 (N.D. Tex. Apr. 2, 2025) ("*Johnson I*").

Subject matter jurisdiction properly pleaded, the Court then liberally

construed Johnson's factual allegations as asserting against her employer claims of discrimination and/or failure to accommodate based on her status as a nursing mother – and, so, her *pro se* complaint

> potentially implicate[d] several federal laws in addition to the [Providing Urgent Maternal Protections for Nursing Mothers Act ("PUMP Act")], including Title VII of the Civil Right Act of 1964, the Americans with Disabilities Act (the "ADA"), and the Pregnant Workers Fairness Act (the "PWFA").

*Id.* at *4.

And, applying the framework of Federal Rule of Civil Procedure 12(b)(6) to these claims, the Court granted Wag's motion to dismiss but allowed Johnson the opportunity to file an amended complaint. *See id.* at *4-*8.

Johnson timely did so. *See* Dkt. Nos. 16 & 17. Wag then moved to dismiss the amended complaint under Rule 12(b)(6). *See* Dkt. Nos. 18 & 19. The parties briefed Wag's motion, and Johnson moved to submit numerous exhibits (contained on a flash drive). *See* Dkt. Nos. 20 & 22-27.

Johnson then notified the Court of an alleged corrective action taken by Wag after she filed this lawsuit. *See* Dkt. No. 28. Considering Johnson's *pro se* status, the Court construed this notification as a motion under Federal Rule of Civil Procedure 15(d), under which a "court may permit a party to file a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir.1998) (citing FED. R. CIV. P. 15(d)); *see* Dkt. No. 29. The parties then briefed the construed Rule 15(d) motion. *See* Dkt. Nos. 30-33.

For the following reasons, Johnson has failed to allege plausible claims through either her amended complaint or proposed supplement – or, impermissibly, through her response to the motion to dismiss and the exhibits to that response – and, so, the Court denies Johnson's motions requesting that the Court consider those exhibits and that she be allowed to supplement her claims, grants Wag's motion to dismiss the amended complaint, and dismisses this lawsuit with prejudice.

## Discussion

The Court previously set out – and need not now repeat – the applicable Rule 12(b)(6) standards that apply equally to determining whether granting Johnson's construed Rule 15(d) motion would be futile. *See Johnson I*, 2025 WL 992573, at *3- *4; *see also Tomasella v. Div. of Child Support*, No. 3:20-cv-476-S-BH, 2021 WL 3710659, at *2 (N.D. Tex. Aug. 20, 2021) ("Judicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are generally based on the same factors of fairness courts weigh when considering motions to amend pleadings under Rule 15(a)," which includes "the futility of amendment." (cleaned up)); *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) ("If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court was within its discretion to deny leave to amend." And, so, a court must "ask whether, in [the] proposed amended complaint, [a plaintiff] has pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (cleaned up)).

Through the amended complaint, Johnson specifically alleges claims (1) under

the PUMP Act and for (2) discrimination and a (3) hostile work environment under Title VII as amended by the PDA. *See generally* Dkt. No. 16.

Starting with the PUMP Act, Johnson has not cured the basis for the Court's prior dismissal of this claim: "[I]f the facts alleged support its applicability, pre-suit notification is a condition precedent to bringing a claim under the PUMP Act…. Johnson has – so far – alleged no facts from the which the Court can make a finding that (1) she provided the notification required by [29 U.S.C. §] 218d(g)(1) or (2) that, pursuant to [29 U.S.C. §] 218d(g)(2), that notification requirement does not apply in this case." *Johnson I*, 2025 WL 992573, at *7.

Nor can Johnson state a plausible claim under the PUMP Act to the extent that she also alleges, without further support, that she "was informed by [Wag] that she would need to pump outside of her paid, legally mandated breaks, in violation of her rights under the PUMP Act," Dkt. No. 16 at 3, where the Act provides that "an employer shall not be required to compensate an employee receiving reasonable break time under subsection (a)(1) for any time spent during the workday for such purpose unless otherwise required by Federal or State law or municipal ordinance," 29 U.S.C. § 218d(b)(1).

As to the remaining claims in the amended complaint, Wag first moves to dismiss them as time barred because, while they were included in Johnson's EEOC charge, she failed to include them in the original complaint and instead first presented them through an amended complaint filed more than 90 days after Johnson received her right-to-sue letter.

Under Title VII, "a plaintiff has ninety days to bring suit in federal court after receipt of a statutory notice of right to sue from the EEOC." *January v. Tex. Dep't of Crim. Justice*, 760 F. App'x 296, 299 (5th Cir. 2019) (per curiam).

This requirement "is not a jurisdictional prerequisite" but "is akin to a statute of limitations." *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985).

Still, "[t]he 90-day limitations period is 'strictly construed,' and courts routinely dismiss claims that are filed after the limitations period expires, even if they are filed only one day late." *Boyd v. AT&T Mobility Servs., LLC*, No. 3:23-cv-2882-D, 2024 WL 3952586, at *2 (N.D. Tex. Aug. 27, 2024) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) then citing *id.* at 380).

It's true that the Court liberally construed the facts alleged in the original complaint as possibly supporting claims not limited to the PUMP Act. *See Johnson I*, 2025 WL 992573, at *3-*6.

But those facts were limited to Johnson's lactation-related allegations. *See* Dkt. No. 1-3 at 7-11.

And, so, to the extent that she raises a claim for first time in an amendment filed more than 90 days after receiving a right-to-sue letter based on facts that do appear in the EEOC charge but cannot be said to appear in the original complaint, such a claim may be time barred unless it can be said that, under Federal Rule of Civil Procedure 15(c)(1), the claim relates back to the original complaint (filed within 90 days after receipt of the right-to-sue letter).

[Rule 15(c)(1)] is intended to give the defendant "fair notice that the litigation is arising out of a specific factual situation." A claim in an

amended pleading will not relate back to a previous pleading unless the previous pleading fairly gave the defendant notice of the later-asserted claim. When an amendment is based on different facts, transactions, and occurrences, a claim in an amended pleading will not relate back.

*Hunt v. Riverside Transp.*, Civ. A. No. 11-2020-DJW, 2012 WL 1893515, at *4-*5 (D. Kan. May 23, 2012) (footnotes omitted; finding "that the relation back doctrine [was] not applicable" where "Defendant could not have reasonably anticipated that it should prepare for a case involving plaintiff's post-complaint claims when Plaintiff did not timely seek to amend his complaint to add these claims after receiving his second right to sue notice").

Limitations is an affirmative defense that "must appear clearly on the face of the pleadings" to support a dismissal under Rule 12(b)(6). *Taylor v. Lear Corp.*, No. 3:16-cv-3341-D, 2017 WL 6209031, at *2 (N.D. Tex. Dec. 8, 2017) (cleaned up); *Clemmer v. Irving Indep. Sch. Dist.*, No. 3:13-cv-4997-D, 2015 WL 1757358, at *2 (N.D. Tex. Apr. 17, 2015).

But both complaints that Johnson has filed in this case present claims and allege facts in a less than clear manner – which may be understandable given her *pro se* status, but which also weighs against the Court's dismissing claims under Rule 12(b)(6) as time barred for a failure to relate back under Rule 15(c)(1).

So the Court declines to dismiss these claims based on limitations but will consider Wag's reasons to dismiss them because they are not plausibly pleaded and, doing so, finds that they should be dismissed with prejudice for the following reasons.

First, the Court previously set out in detail how to properly allege a claim of employment discrimination, *see Johnson I*, 2025 WL 992573, at *4-*6, and

emphasized that,

> at this stage, "a plaintiff must plead two 'ultimate elements' in order 'to support a disparate treatment claim … : (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* [a] protected status.'" *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019; emphasis in *Cicalese*).
>> That is,
>> [a] complaint need not allege each prong of the prima facie test for disparate treatment … ; to support a disparate treatment … , though, it must plausibly set out facts that the defendant took the adverse employment action against a plaintiff *because of* [a] protected status. [Accordingly, a] plaintiff must allege facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [not of the plaintiff's protected status] more favorably.
>
> *Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (cleaned up; emphasis in original).
>
> And, to the extent that the complaint implicates a disparate treatment claim based on the denial of an accommodation, the ultimate elements of such a claim under Title VII in this context are that Johnson "belongs to the protected class, that she sought accommodation, that the employer did not accommodate her, and that the employer did accommodate others 'similar in their ability or inability to work.'" *Luke v. CPlace Forest Park SNF, L.L.C.*, 747 F. App'x 978, 979 (5th Cir. 2019) (per curiam) (quoting *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 229 (2015) (citing 42 U.S.C. § 2000e(k)).

*Id.* at *4-*5; *see also id.* at *6 (concluding that claims "centered on the suitability of the lactation location itself is alone not enough to allege a plausible claim under either Title VII or the ADA" (collecting cases)).

But Johnson chose not to consider this roadmap in amending her claims and still fails to plausibly plead a disparate treatment claim and a hostile work environment claim – itself just "a type of disparate treatment claim … that relies on

proving an employer's discriminatory motive," *Jasso v. Midland-Odessa Transit Mgmt., Inc.*, MO:22-CV-00250-DC-RCG, 2023 WL 6474435, at *2 n.2 (W.D. Tex. Sept. 19, 2023) (citations omitted), *rec. adopted*, 2023 WL 6466237 (W.D. Tex. Oct. 4, 2023).

As to the later, "[t]o survive a motion to dismiss, a plaintiff pleading a claim for hostile work environment must plead two 'ultimate elements': 1) an adverse employment action, 2) taken against a plaintiff because of her protected status." *Id.* at *2 (citing *Cicalese*, 924 F.3d at 767)); *see, e.g.*, *Stinson v. McGinnis*, No. 3:23-cv-810-M-BN, 2024 WL 4152703, at *13 (N.D. Tex. Aug. 16, 2024) ("[A]s to the alleged hostility targeting Stinson, she fails to allege facts from which the Court could infer that the hostile acts were because of Stinson's race or color."), *rec. accepted*, 2024 WL 4151175 (N.D. Tex. Sept. 11, 2024).

And Johnson's amended allegations as to her workplace fall short of those that could raise a reasonable inference that it was one "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of her employment." *Johnson v. Halstead*, 916 F.3d 410, 417 (5th Cir. 2019) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)); *accord Hudson v. Lincare, Inc.*, 58 F.4th 222, 229 (5th Cir. 2023).

> As Wag persuasively explains in its reply, as to the amended complaint,
>
> Johnson still does not allege she suffered an adverse employment action based on any protected characteristic, nor that she requested, or was denied, reasonable accommodation. She instead rehashes her belief that coworkers resented her because she was married to another Wag employee and thought she received favorable treatment as a result, and focuses on alleged denial of "promised training," delayed or unexpectedly rescheduled performance reviews, schedule changes, and being labeled "hostile" due to how she interacted with those to whom she reported.

> Even if any of these actions could constitute an adverse employment
> action, Johnson does nothing to tie them to any protected condition,
> instead she vaguely alleges that these things happened in response to
> her "asserting protected rights," while at the same time admitting the
> alleged "hostility" (1) came from non-employees over whom Wag has no
> control (the patrons at the bar next door), (2) was focused on her "marital
> status" (i.e., her being married to another Wag employee); or (3)
> otherwise had nothing to do with any protected characteristic.

Dkt. No. 27 at 4-5 (cleaned up).

Next, the Court will not consider any new claims that Johnson may allege through her response to the motion to dismiss [Dkt. No. 22].

That is because "a claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

Nor will the Court consider the exhibits that Johnson references in that response, which she seeks leave to submit, *see* Dkt. Nos. 22-25 – presumably to make them part of the pleadings, since the plausibility of the pleadings is the only issue before the Court.

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See, e.g.*, *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

But documents not attached to a pleading (such as a complaint) but instead offered through motions practice – most commonly when they are "attache[d] to a

motion to dismiss" – are only "considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The exhibits that Johnson offers are not mentioned in her amended complaint. Nor do they meet the centrality requirement where the Court may reasonably infer from Johnson's response that the exhibits are offered as evidence to support her assertions – but she has not shown that they are "necessary to establish an element of one of [her] claims." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011); *cf. Collins*, 224 F.3d at 499 ("In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.").

And, although a court generally will not consider new claims raised through a response to a motion to dismiss, the Court will make an exception here to briefly describe why the new claims raised on response are not plausibly pleaded as further support for the Court's decision not to grant further leave to amend.

First, Johnson cannot state a claim based on an assertion that Wag was under a legal obligation "to inform employees of their rights under the EEOC, OSHA, or other employment laws." Dkt. No. 22 at 10; *see, e.g.*, *Bernard v. EDS Noland Episcopal Day Sch.*, 62 F. Supp. 3d 535, 543-44 (W.D. La. 2014) ("Federal law requires every employer to post notices describing the provisions of the ADA. 42 U.S.C. § 12115. These notices are to be posted in 'conspicuous places.' 42 U.S.C. § 2000e-10(a).

There is, however, no private cause of action to enforce the posting requirements." (collecting cases)).

Nor may Johnson allege a plausible claim based on allegations that Wag failed to follow policies in its employee handbook. *See* Dkt. No. 22 at 10-13. "As a general rule employee handbooks and policy manuals constitute general guidelines in the employer/employee relationship and do not create implied contracts between the employer and employee." *Brown v. Sabre, Inc.*, 173 S.W.3d 581, 585-86 (Tex. App. – Fort Worth 2005, no pet.) (collecting cases); *Young-Trezant v. Lone Star Coll. Sys.*, No. 23-20551, 2024 WL 2794483, at *2 (5th Cir. May 31, 2024) (per curiam) ("Employer policies do not qualify as contracts, and their 'breaches' do not create causes of action under Texas law." (citing *Brown*, 173 S.W.3d at 585)).

Finally, the Court denies the motion to supplement under Rule 15(d) because the claim that Johnson intends to add to this case – for retaliation – also is not plausibly pleaded, and, so, it would be futile to add it to this lawsuit.

In sum, Johnson alleges that, after she filed her EEOC charge, Wag retaliated against her by issuing a "Corrective Action" or written warning after it learned that Johnson recorded a conversation she had with another Wag employee located in California without that employee's knowledge or consent (and, so, in violation of California's Invasion of Privacy Act, CAL. PENAL CODE § 632(a)).

"[F]or a retaliation claim, a plaintiff only needs to plausibly 'allege facts going to the ultimate elements of the claim to survive a motion to dismiss.'" *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) (per curiam)

(quoting *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021)).

Those "ultimate elements" are "that 1) [the plaintiff] engaged in protected activity, 2) she suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action." *Wright*, 990 F.3d at 433 (cleaned up).

"[A] plaintiff seeking to establish a retaliatory adverse employment action 'must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 826-27 (5th Cir. 2019) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006)), *abrogated on other grounds by Hamilton v. Dall. Cnty.*, 79 F.4th 494 (5th Cir. 2023) (en banc).

And, following *Hamilton* – in which the United States Court of Appeals for the Fifth Circuit "made clear that," for discrimination claims, "Title VII requires a broader reading than [its] 'ultimate employment decision' line of cases permitted and thus 'end[ed] that interpretive incongruity' by removing that requirement," *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 428 (5th Cir. 2023) (per curiam) – "[c]ompared to the discrimination context, an 'adverse employment action' for retaliation claims under Title VII appears to have a higher bar," *Liao v. Univ. of Tex. at San Antonio*, SA-22-CV-01359-XR, 2024 WL 4564278, at *9 (W.D. Tex. Oct. 23, 2024).

The United States Supreme Court has explained why this is so:

> If an action causes less serious harm, … it will not deter Title VII enforcement; and if it will not deter Title VII enforcement, it falls outside

the purposes of the ban on retaliation…. [But t]he anti-discrimination provision … simply seeks a workplace where individuals are not discriminated against because of traits like race and sex. The provision thus flatly prevents injury to individuals based on status, without distinguishing between significant and less significant harms.

*Muldrow v. City of St. Louis, Mo.*, 601 U.S. 346, 357-58 (2024) (cleaned up).

And, because Johnson has not alleged that Wag's issuing the written warning counts as a materially adverse employment action, she has not plausibly pleaded a retaliation claim. *See Spencer v. Shell Exploration & Prod. Co.*, No. 24-20173, 2025 WL 855314, at *3 (5th Cir. Mar. 19, 2025) (per curiam) ("As to the PIP" – or performance improvement plan – "we have indicated that 'written warnings and unfavorable performance reviews are not adverse employment actions where colorable grounds exist for disciplinary action.' Spencer fails to allege – in a non-conclusory manner – that Shell's grounds for the PIP were pretextual or unjustified. The district court correctly dismissed this claim." (quoting *Jackson v. Honeywell Int'l, Inc.*, 601 F. App'x 280, 286 (5th Cir. 2015))); *Norwood v. Dall. Cnty. Hosp. Dist.*, No. 3:23-cv-1490-S, 2025 WL 607873, at *10 (N.D. Tex. Feb. 25, 2025) ("The Court … concludes that the formal write-up was not an adverse employment action for purposes of a prima facie case of retaliation" in part because "'there were colorable grounds for the warning and a reasonable employee would have understood a warning under these circumstances was not necessarily indicative of a retaliatory mind-set.'" (quoting *DeHart v. Baker Hughes Oilfield Operations, Inc.*, 214 F App'x 437, 442 (5th Cir. 2007) (per curiam))).

Considering all of the above, because, in response to the Court's apprising her

- 13 -

of the deficiencies in her initial pleading and of the legal standards applicable to her claims, Johnson still has not alleged a plausible cause of action, the Court concludes that she has now alleged her "best case" and further leave to amend need not be granted. *See, e.g.*, *Allen v. Navy Fed. Credit Union*, No. 3:24-cv-949-L-BN, 2025 WL 484818, at *13 (N.D. Tex. Feb. 13, 2025) ("Granting leave to amend … is not necessary when the plaintiff has pleaded his or her 'best case' after being apprised of pleading deficiencies. Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility." (citations omitted)).

## Conclusion

The Court DENIES Plaintiff Terra Johnson's motion for leave to submit exhibits [Dkt. No. 23] and construed motion for leave to supplement under Federal Rule of Civil Procedure 15(d) [Dkt. No. 28]; GRANTS Defendant Wag Acquisition Group, LLC's motion to dismiss Johnson's amended complaint under Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 18]; and DISMISSES WITH PREJUDICE Johnson's claims.

The Court will enter a separate final judgment consistent with this memorandum opinion and order.

SO ORDERED.

DATED: March 5, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 14 -